# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION

| | | |
|---|---|---|
| **HARRY COUGHLIN, JR.,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 2:07-cv-00420-VEH-RRA |
| | ) | |
| **ROBERT CAHILL, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation on May 17, 2007, recommending that this action filed pursuant to 42 U.S.C. § 1983 be dismissed for failing to state a claim upon which relief can be granted under 28 U.S.C. § 1915A(b). On May 24, 2007, the plaintiff filed objections to the report and recommendation. (Doc. 17.)

In his objections, the plaintiff contends that he has been arrested and prosecuted for allegedly using the word "nigger" against his black neighbors, playing loud music, and throwing firecrackers, while law enforcement officials have failed to arrest the plaintiff's neighbors for the same conduct and have thus violated his right to equal protection. Additionally, the plaintiff repeats his claim that he has a constitutional right to see the portion of the Uniform Incident Report labeled, "See

Investigative Supplement."  Plaintiff further complains that he is being subjected to a "barrage of nasty black rap" music on Black Entertainment Television ("BET") in the county jail.

### *Equal Protection/Selective Enforcement*

Although "mere selective enforcement of a law is not unconstitutional," *Durruthy v. Pastor*, 351 F.3d 1080, 1091 (11th Cir. 2003), the Equal Protection Clause of the Fourteenth Amendment "prohibits selective enforcement of the law based on considerations such as race." *Whren v. U.S.*, 517 U.S. 806, 813 (1996).  To state a claim for selective enforcement, a plaintiff must "make a prima facie showing that he has been singled out for prosecution [or enforcement] although others similarly situated, who have committed the same acts, have not been . . . ." *Rindley v. Gallagher, et al.*, 890 F. Supp. 1540, 1551 (S.D. Fla. 1995) (*citing Owen v. Wainwright*, 806 F.2d 1519, 1523 (11th Cir. 1986)).  Moreover, a plaintiff must set forth allegations that the "government's discriminatory selection of him is invidious, or in bad faith that is based on constitutionally impermissible considerations, such as race or religion." *United States v. Lichenstein*, 610 F.2d 1272, 1281 (5th Cir. 1980) (*citing Oyler v. Boles*, 368 U.S. 448, 456 (1962)).

To support his selective enforcement claim, the plaintiff states the following:

"If I can be arrested for 'aledgely' (sic) using the "N" word[,] I have a

> 'equal constitutional right' to have the states agent Rayshon Williams arrested for calling us a 'cracker.'" (Doc. 17 at 1-2.)
>
> "[If] we can be prosecuted for loud music we are intitled (sic) to have our neighbors arrested for the same thing." (Doc. 17 at 2-3.)
>
> "If it is 'reckless endangerment' for me to throw firecrackers it is illegal for children to be given firecrackers to throw at us. I remind the court that LeNesa Boyd and the 6 year old (transcript) admit that the child had firecrackers and sparklers." (Doc. 17 at 3.)

First, to the extent the plaintiff argues he is ***entitled*** to have his neighbors arrested, the plaintiff has no "judicially cognizable interest in the prosecution or non-prosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Second, the plaintiff has alleged no facts which would support a claim that he has been singled out for enforcement based on his race in violation of the Equal Protection Clause. Although the plaintiff has pointed to various offenses he claims his black neighbors committed, he has not shown that he was similarly situated to these same neighbors. The plaintiff has not alleged, for example, that any officer had probable cause or reasonable suspicion to arrest his neighbors for violating the same laws that were the basis for plaintiff's arrests or that any officer had the same opportunity to perceive and evaluate the neighbors' actions as he/she had to perceive the plaintiff's actions. Simply put, the plaintiff does not sufficiently allege that the facts and circumstances that officers relied upon in arresting the plaintiff were the same facts and

circumstances presented in connection with the neighbors whom officers did not arrest. Indeed, the mere fact that the plaintiff's neighbors were not arrested is not sufficient to support a claim of selective enforcement where the plaintiff has not adequately alleged that law enforcement officials were presented with substantively similar situations.[1] *See generally, Gersten v. Rundle*, 833 F. Supp. 906, 915 (S.D. Fla. 1993).

Moreover, even if the plaintiff had shown that he was similarly situated to his black neighbors, his claim for selective enforcement would still fail since he has made only conclusory allegations that officers arrested him on the basis of his race alone. Plaintiff has failed to allege any facts, beyond his own suspicions, that the officers' actions were racially motivated. Conclusory, vague, and general allegations are insufficient to state a claim upon which relief under § 1983 can be granted. *See Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984). Based on the

---

[1] Along with his objections, the plaintiff submitted an Incident Report dated July 10, 2006, in which he complained to law enforcement officials that a black neighbor, Mr. Murdock, allowed children he was supervising to throw firecrackers into the plaintiff's yard. The deputy noted on the report that she was unable to contact Mr. Murdock and the plaintiff informed her that the neighbor and children left prior to the deputy's arrival. "No further action," is written at the end of the Incident Report. The name of the reporting officer on the Incident Report is "Ruff, Tina." Ruff is not named as a defendant in this action.

The plaintiff also submitted an Incident Report dated November 9, 2006, in which he complained to law enforcement officials that a black neighbor, Rayshon Williams, played loud music and referred to the plaintiff and his mother as "crazy-ass white folk." The deputy noted on the report that the plaintiff did not wish to prosecute and the plaintiff indicated the report was "for documentation only." The name of the reporting officer on the Incident Report is "M. Therrell." Therrell is not named as a defendant in this action.

foregoing, the plaintiff's claim that he has been denied equal protection is due to be dismissed.

### *Deputies McAnally & Morgan*

In the May 17, 2007, report and recommendation, the magistrate judge recommended that the plaintiff's claims against Deputies McAnally and Morgan be dismissed for failure to state a claim for relief against them.  In response to the magistrate judge's recommendation, the plaintiff attached to his objections a copy of an "Initial Personnel Complaint Form,"dated January 5, 2006, which appears to be a complaint filed by the plaintiff against Deputies David McAnally and Jerry Morgan. In the Personnel Complaint, the plaintiff alleges that he called the Sheriff's Office on January 2, 2006, because "there were children playing on the street in electric carts and playing basketball."  Plaintiff alleged that defendant McAnally failed to see that the goal post was removed from the roadway.  Plaintiff also complained that Deputy Morgan refused to order the Williams family to remove the goal post from the right-of-way.  The plaintiff claimed that McAnally's behavior encouraged his neighbors to provoke the plaintiff so that he could be arrested while on probation.

To the extent the plaintiff seeks to bolster his initial claim that these defendants have conspired with his neighbors to have him arrested, the plaintiff's claim is

conclusory and insufficient to state a claim for conspiracy. *GHR Investments, Inc. v. County of Escambia*, *Fla.*, 1359, 1370 (11th Cir. 1998). Additionally, to the extent the plaintiff seeks to state a claim for selective enforcement against Deputies McAnally and Morgan based on this incident, the plaintiff has not alleged that he was ever arrested for the same or similar activity – obstructing the right of way with an electric cart or basketball goal – while his black neighbors were not. Neither has the plaintiff alleged that Deputies McAnally and Morgan failed to arrest these individuals because they were black. As such, the plaintiff's claims against McAnally and Morgan are due to be dismissed.

### *Deputy Lawson*

The magistrate judge stated in the May 17, 2007, report and recommendation that the plaintiff named Deputy Lawson as a defendant in the amended complaint but failed to mention this individual in the body of the complaint. It was, therefore, recommended that Lawson be dismissed. The plaintiff now submits an Incident Report dated June 14, 2004, in which Deputy Lawson was called to investigate a disorderly conduct complaint made by the plaintiff. The plaintiff stated that his neighbor, Larry Boyd, walked to the mailbox and yelled to the plaintiff to get in the car and meet him at Food World and Boyd would "beat the hell out of Mr. Coughlin." Plaintiff alleged that Boyd used fighting words to provoke the plaintiff. The plaintiff

6

stated that he was in fear of his life. After taking the plaintiff's statement, Lawson wrote, "No further action taken," at the end of the report.

To the extent the plaintiff alleges he has been arrested for harassment of his neighbor and that his black neighbor, Larry Boyd, was not arrested on this occasion for the same or similar conduct, the plaintiff's selective enforcement claim against Deputy Lawson is clearly barred by the statute of limitations. The United States Supreme Court has held that the proper statute of limitations for a § 1983 action is the forum state's general or residual state of limitations for personal injury. *See Owens v. Okure*, 488 U.S. 235, 236, 249-50 (1989). The residual statute of limitations for personal injury in Alabama is two (2) years. Ala. Code § 6-2-38(1) (1975). Plaintiff's cause of action against Deputy Lawson arose June 14, 2004. The plaintiff, therefore, had until June 14, 2006, to file a § 1983 action. Plaintiff did not file this action until March 5, 2007. Because plaintiff's claim against Deputy Lawson for selective enforcement is barred by the statute of limitations, it is due to be dismissed for failing to state a claim upon which relief can be granted.

### *Supplemental Investigative Report*

The plaintiff contends that he has a constitutional right to the information marked on the Uniform Incident Report, "See Supplemental Investigation." He argues, "If I cannot have anybody arrested because of that 'Supplimental (sic) report'

and I can't see that report, I am being discriminated against." (Doc. 17 at 6.) The plaintiff also contends that this supplemental report "will prove the actual conspiracy" between the defendants to deprive him of his constitutional rights. (Doc. 17 at 6.) Plaintiff's arguments are without merit. To the extent the plaintiff seeks the supplemental report so that he may file charges against his neighbors, he is again advised that a private citizen has no "judicially cognizable interest in the prosecution or non-prosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Moreover, the plaintiff's belief that the supplemental report will reveal a conspiracy between the defendants is merely speculation and insufficient to state a claim for relief under § 1983. Plaintiff briefly argues that he has a right to the supplemental information under the Freedom of Information Act ("FOIA"). Plaintiff is advised that the FOIA applies only to federal agencies, not state or local agencies and therefore his argument is without merit. *See* 5 U.S.C. § 551(1); *see also Philip Morris, Inc., v. Harshbarger*, 122 F.3d 58, 83 (1st Cir. 1997) ("FOIA . . . applies only to federal executive branch agencies"); *Brown v. Kelly*, No. 93-5222, 1994 WL 36144, at * 1 (D.C. Cir. January 27, 1994) (FOIA does not apply to state agencies). The plaintiff has failed to state a constitutional claim with regard to the Supplemental Investigative Report and the same is due to be dismissed.

### *Plaintiff's Complaints regarding Rap Music in Jail*

Lastly, the plaintiff's complaints against Sheriff Hale that he is being subjected to a "barrage of nasty black rap music" while in the Jefferson County Jail fails to state a constitutional claim and is, therefore, due to be dismissed.

### CONCLUSION

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, and the objections thereto, the Court is of the opinion that the magistrate judge's report is due to be and is hereby **ADOPTED** and the recommendation is **ACCEPTED**. Therefore, based upon the report and recommendation and the court's comments concerning the plaintiff's statements in his objections, the complaint is due to be dismissed for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915A(b). An appropriate order will be entered.

**DONE** this the 21st day of June, 2007.

                                                                                    _____
                                                                                    **VIRGINIA EMERSON HOPKINS**
                                                                                    United States District Judge